## MOORE v. MOORE.

(Supreme Court, Special Term, Erie County.   March 14, 1916.)

1. MARRIAGE ⚛⇒60(7)—ANNULMENT—SUFFICIENCY OF EVIDENCE—INTENT TO ABANDON.

In an action to annul a marriage on the ground of fraud, evidence that defendant had married plaintiff when she was a young girl at the solicitation of her friends, because she was pregnant by him, and that after the ceremony and before the consummation of the marriage he took her to her mother's house and left her, and had never been seen or heard from since, justifies a finding that when the ceremony was performed defendant did not intend to perform the duties of a husband to his wife, but at that time purposed to abscond and abandon her.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 131; Dec. Dig. ⚛⇒60(7).]

2. MARRIAGE ⚛⇒58(7)—ANNULMENT—FRAUD—INTENTION TO ABANDON.

Where a man goes through a marriage ceremony with a woman, thereby representing his intention and purpose to fulfill the obligations of a husband to her, but intending at that time to abscond and abandon her, he is guilty of fraudulent misrepresentations, which entitle her to an annulment of the marriage.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 122; Dec. Dig. ⚛⇒58(7).]

3. MARRIAGE ⚛⇒58(7)—ANNULMENT—GROUNDS—FRAUD.

Marriage is a civil contract, which will be annulled by the court, where the consent of a party to it has been procured by fraud or misrepresentation of a material fact, especially where the marriage was never consummated.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 122; Dec. Dig. ⚛⇒58(7).]

4. CONTRACTS ⚛⇒94(2)—VALIDITY—MISREPRESENTATION OF INTENTION.

Misrepresentations of purpose and intention, which constitute a material fact inducing another to act, are fraudulent misrepresentations, invalidating a contract induced thereby.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 421; Dec. Dig. ⚛⇒94(2).]

Action by Mary D. Moore against John Moore for annulment of marriage.   Judgment entered for plaintiff.

Robert E. Congdon, of Gowanda, for plaintiff.

WHEELER, J.   This action is brought to annul a marriage on the ground of fraud on the part of the defendant.

[1] The evidence shows: .That at the time of the marriage the plaintiff was a young woman of a little over 18 years of age.   That the defendant had gotten her in a family way, and was urged by a friend of the girl on her behalf to marry her.   He at first declined, and then consented.   The marriage ceremony was performed by a justice of the peace, before whom the parties went.   After the ceremony, the defendant took the plaintiff to her mother's house and left her.   He never again went to see her, but within a day or two after the ceremony left the place where he lived, and since that time for more than six years has never been seen or heard from.   The mar-

riage was never consummated by cohabitation, and from these facts the court is justified in finding that, when the marriage ceremony was performed, the defendant never intended to fulfill the duties of a husband to his wife, but at the time purposed to abscond and abandon her.

[2] Do such facts justify the court in making a decree annulling the marriage on the ground of fraud? The question presented has never been passed on by the courts of this state, so far as I am able to ascertain; but we have two reported decisions of the courts of other states holding, under circumstances very much like these presented here, that a wife who has entered into a marriage in good faith is entitled to have it annulled where the husband never intended to and never did consummate such marriage, or in any manner recognize or perform any of its obligations. Barnes v. Wyethe, 28 Vt. 41; Miller v. Miller (Ohio) 31 Weekly Law Bul. 141.

[3] The courts of this state hold that marriage is a civil contract, and will annul such a marriage, like other contracts, where the consent of a party to it has been procured by fraud or the misrepresentation of a material fact, especially in a case where the marriage has not been consummated, and the marriage relation has not fully ripened into the complications of a public status involving considerations of questions of public policy. Svenson v. Svenson, 178 N. Y. 54, 70 N. E. 120; Di Lorenzo v. Di Lorenzo, 174 N. Y. 472, 67 N. E. 63, 63 L. R. A. 92, 95 Am. St. Rep. 609; Domschke v. Domschke, 138 App. Div. 464, 122 N. Y. Supp. 892. It was said in Svenson v. Svenson that, where the husband concealed the fact that owing to the presence of a venereal disease he was morally and physically unfit to be the husband of a pure woman, "he was guilty of a base and unmitigated fraud as to a matter essential to the relation into which they contracted to enter." The court cites the language of Bishop on Marriage and Divorce, § 166 et seq., where the author says that:

"Where there has been no consummation, any fraud which would be sufficient to annul a contract should in reason be sufficient to annul a marriage ceremony." "No satisfactory reason of the law will justify the courts in declaring valid such a contract of marriage when tainted with fraud or duress where the only effect will be the punishment of the innocent."

A man purchases merchandise with the purpose and intent of never paying for it. It constitutes such a fraud on the seller that he may rescind the sale and recover the goods sold. Nichols v. Michael, 23 N. Y. 264, 80 Am. Dec. 259. One who buys goods on credit impliedly represents he intends to pay for them, and if he in fact intends not to pay for them he is guilty of fraud. 35 Cyc. 80, and cases cited.

[4] So one who goes through the marriage ceremony represents in so many words his intention and purpose to fulfill all the obligations of a husband to the woman he marries. We can conceive of no greater fraud on a woman than for the man at the same time entertaining and carrying out the purpose of forthwith absconding and leaving his wife to her own resources, regardless of all the moral and legal obligations imposed by the marriage status. Misrepresentations of purpose and intention, whether express or necessarily implied, which

constitute a material fact inducing another to act, constitute a fraud affecting the validity of a contract induced thereby. Adams v. Gillig, 199 N. Y. 314, 92 N. E. 670, 32 L. R. A. (N. S.) 127, 20 Ann. Cas. 910.

We cannot suppose for one moment that the plaintiff would have married the defendant, had she known it was the intention of the defendant to at once abandon her and never perform those obligations and duties the law imposed on him. For these reasons, I am of the opinion the marriage in question should be annulled.

Let judgment be entered accordingly.