ANNA SCHACHTER, Plaintiff, *v.* HARRY SCHACHTER, Defendant.

(Supreme Court, Kings Special Term ex Parte, October, 1919.)

Marriage — when a broken promise will not justify annulment of — fraud.

> Fraud that will justify the annulment of a marriage must be a false representation expressly or impliedly made of an existing fact that is a material consideration to the wronged party.
>
> A man's refusal to keep his promise to a woman that after the civil marriage he would enter into a religious ceremony with her, is not fraud in a legal sense and will not support an action for the annulment of their marriage, though it was never consummated.

ACTION for the annulment of a marriage.

Ellman & Ellman, for plaintiff.

No appearance for defendant.

CROPSEY, J. The plaintiff seeks an annulment of her marriage. She bases her complaint solely upon the

assertion that "the defendant falsely and fraudulently represented to her that, if she would procure a marriage license with him and have a ceremony performed by a person other than a Rabbi, or civil ceremony, that he would thereafter enter into a religious ceremony through a Rabbi." She seeks to support this by her testimony that when she spoke to him of getting married, saying they had been "keeping company" long enough, he replied "we shall get married two weeks later, at City Hall, and afterward make up a date for the Jewish wedding." They were married at the City Hall but the defendant refused later to have a Jewish ceremony — though both he and the plaintiff are Jews — saying he did not believe in it, that "we shall go and live together without it." The plaintiff claims she would not have married him had he not promised to have later a Jewish ceremony, and that the marriage was never consummated.

Is there any proof of fraud in this? Did the defendant make any representation, that was material and of an existing fact? A marriage contract may be avoided like any other contract, and especially if it has not been consummated, when it was procured by fraud. But the fraud must consist of a false representation expressly or impliedly made, of an existing fact that is a material consideration to the wronged party. Here the plaintiff claims the promise of a Jewish ceremony was vital to her and she would not have consented to marry had the defendant not made it, but the defendant's statement was merely a promise and not the assertion of an existing fact. He did not state that anything *was,* but only that something *would be.* He promised that at a future time there would be the other service. No legal fraud arises from such a promise. It is not a representation. It

is a mere forecast or prophecy. It asserts nothing. It only predicts. The plaintiff was not justified in relying upon it, and cannot be relieved of the marriage compact though the defendant failed to fulfill his pledge.

The cases cited furnish no support. In *Moore* v. *Moore,* 94 Misc. Rep. 370, the marriage was annulled because the defendant at the time of entering into it had no intention of living with the plaintiff, and it was held that " intention " was an existing fact, following the decision in *Adams* v. *Gillig,* 199 N. Y. 314. But even this rather extreme case does not aid the plaintiff. Here there is no claim the defendant did not intend to live with the plaintiff as her husband. On the contrary the proof shows otherwise. In *Dorgeloh* v. *Murtha,* 92 Misc. Rep. 279, the plaintiff was under the age of consent, and there was the further finding that neither the plaintiff nor defendant intended to be married and were coerced into having the ceremony performed.

Counsel states that in April, 1919, Mr. Justice Benedict granted an annulment in *Weinstein* v. *Weinstein* on the identical grounds urged here. But, he adds, no opinion was written. Without knowing the reasons that prompted that decision, it cannot be accepted as an authority, as it seems to run counter to the general rule.

The complaint must be dismissed and judgment go for the defendant.

Judgment for defendant.