Minnie Rubinson, Plaintiff, *v.* Louis Rubinson, Defendant.

(Supreme Court, New York Special Term, January, 1920.)

**Marriage — when broken promise will justify annulment of — fraud.**

> Where a husband absolutely refuses to have a Hebrew religious ceremony performed in fulfillment of his promise made to his wife before the civil marriage, she is entitled to a decree adjudging the marriage null and void where it appears that she had never cohabited with nor been supported by him.*

Action to annul a marriage.

Theodore & Dorf, for plaintiff.

No appearance for defendant.

---

* See *Schachter* v. *Schachter,* 109 Misc. Rep. 152.— [Repr.

Cohalan, J.  Plaintiff sues to annul her marriage on the ground of fraud.  She asserts that for the purpose of inducing her to consent to the marriage the defendant falsely and fraudulently represented to her that he would marry her according to the required Hebrew religious ceremony; that relying thereupon, on August 1, 1919, she married the defendant in the office of the city clerk; that at that time she did not realize that she had been legally married; that in response to the clerk's question in regard to a Jewish ceremony the defendant replied that it would be held shortly thereafter; that the parties have never cohabited; that the defendant postponed setting the date for the Hebrew ceremony on several occasions, and that finally, in the presence of the plaintiff's mother, he absolutely refused to have such a ceremony performed, stating that he did not believe in it, nor did he believe in the Jewish religion nor in God.  The plaintiff has testified that she has not seen nor heard from the defendant since the latter part of September, 1919, although she attempted to communicate with him on numerous occasions; that she has always lived with her mother, at the latter's home, and that the defendant has lived separate and apart from her, and in no way whatsoever has he contributed to her support.  The plaintiff's mother testified that she would never have consented to the marriage if the defendant had not misrepresented that he was going to have celebrated a Hebrew ceremony; that she attended the synagogue regularly, was orthodox, and that her married son had been married by a rabbi, in accordance with the religious requirements.  The false and fraudulent representations made by the defendant to the plaintiff were such as to authorize this court to annul the marriage.  These misrepresentations were material and elemental, because without them the plaintiff

would not have consummated the marriage by cohabitation. Both parties were of the Hebrew faith, and neither the plaintiff nor her mother considered the marriage binding unless performed as required by their religion. They both have testified that they would not have consented to the marriage if it had not been for the defendant's consent to such a ceremonial marriage. The tendency of the courts of this state to relieve an innocent party from a marriage contract induced by fraud and misrepresentation is evidenced by the following decisions: *Moore* v. *Moore,* 94 Misc. Rep. 370; *Robert* v. *Robert,* 87 id. 629; *Di Lorenzo* v. *Di Lorenzo,* 174 N. Y. 467; *Svenson* v. *Svenson,* 178 id. 54. It is my view that an injustice has been done the plaintiff. She was induced to enter into a marriage with the defendant solely by reason of his false and fraudulent misrepresentations. She has never cohabited with the defendant, nor has she ever lived with him. He has never contributed in any way to her support, and he has now apparently deserted her. Upon the evidence and upon the above authorities the plaintiff is entitled to a decree adjudging her marriage to the defendant null and void.

Judgment for plaintiff.