SARAH WATKINS, an Infant over the Age of Fourteen Years, by HANNAH BRENNER, Her Guardian ad Litem, Appellant, v. THEODORE WATKINS, Respondent.

First Department, July 1, 1921.

Husband and wife — marriage — annulment under Code of Civil Procedure, § 1750, on ground that consent was obtained by fraud — husband refusing to keep his promise to have religious ceremony performed after civil ceremony — marriage not consummated — fraudulent representations.

A marriage may be annulled under section 1750 of the Code of Civil Procedure, on the ground that the consent of the plaintiff was obtained by fraud, where it appears that the plaintiff consented to marry the defendant only on condition that the marriage ceremony should be performed according to the Jewish religion and rites, and by a Jewish rabbi, and the defendant agreed that such ceremony would be performed after a civil ceremonial marriage, but after the performance of the civil marriage he refused to have the marriage ceremony performed by the Jewish rabbi and the parties separated without consummating the marriage by cohabitation.

Where a party to a marriage contract is induced to enter into it relying upon the fraudulent representations made by the other party with respect to his intentions concerning future actions, but for which consent the execution of the contract would not have been given, and the marriage contract is never consummated, that is deemed a fraudulent representation with respect to a material existing fact sufficient to warrant the annulment of the marriage for fraud.

APPEAL by the plaintiff, Sarah Watkins, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 27th day of January, 1921, upon the decision of the court rendered after a trial at the New York Special Term.

*Herman Turkel,* for the appellant.

No appearance for the respondent.

LAUGHLIN, J.:

This is an action for the annulment of a marriage between the plaintiff and the defendant on the ground of fraud. The summons was duly served on the defendant, who duly filed

a notice of appearance by attorney but defaulted in answering and failed to appear on the trial. On the 14th of November, 1918, plaintiff, who resided in the borough of Manhattan, New York, and was eighteen years of age, was requested by the defendant to marry him and she refused to consent excepting upon condition that the marriage ceremony should be performed according to the Jewish religion and rites and by a rabbi and he agreed that such a marriage ceremony would be performed after a civil ceremonial marriage and also promised her mother, who likewise gave her consent on the same condition. On that day plaintiff and her mother went to the City Hall pursuant to appointment with the defendant and there met him and his mother and duly obtained a marriage license and the plaintiff's mother signed a consent to the marriage and the plaintiff and the defendant were there duly married by an alderman. Plaintiff testified that she was then eighteen years of age and, if so, the consent of her parents was unnecessary, but doubtless it was required by the city clerk as a precautionary measure lest she may have misrepresented her age. (Dom. Rel. Law, § 15, as amd. by Laws of 1917, chap. 503.) The defendant, although repeatedly requested after the civil ceremony to perform his promise for a Jewish ceremonial marriage, refused so to do and the parties separated, plaintiff returning home with her mother and the marriage was not consummated. On testimony to this effect by plaintiff and her mother, the trial court found that the plaintiff was induced to marry the defendant on the distinct understanding and promise by him that the civil marriage was to be followed within a period of two or three days by a ceremonial marriage in accordance with the Jewish religion and rites and by a Jewish rabbi and that said promise was made by the defendant with the intent to deceive and defraud the plaintiff and with the intent on his part not to carry out his promise to have such religious ceremonial marriage, and that he obtained her consent to the civil marriage by said fraud and deceit, and that in consenting to the civil ceremonial marriage plaintiff relied upon said promise of the defendant.

Section 1750 of the Code of Civil Procedure authorizes in an action by the party defrauded, among other things, the annulment of a marriage on the ground that the consent of

one of the parties was obtained by fraud and it has been authoritively held that this authorizes the annulment of a marriage for any fraud or deception which would invalidate or authorize the cancellation of any contract. (*DiLorenzo* v. *DiLorenzo,* 174 N. Y. 467; *Svenson* v. *Svenson,* 178 id. 54.) In *DiLorenzo* v. *DiLorenzo* (*supra*) the Court of Appeals held that the fraud which authorizes the annulment of a marriage under section 1750 of the Code of Civil Procedure must be material to inducing the making of the contract, and on that point, at pages 471, 472 and 474, after quoting the statutory provisions, said: " This language is broad and warrants but the one reasonable construction, that the fraud must be material to that degree that, had it not been practiced, the party deceived would not have consented to the marriage. * * * The free and full consent, which is of the essence of all ordinary contracts, is expressly made by the statute necessary to the validity of the marriage contract. The minds of the parties must meet in one intention. It is a general rule that every misrepresentation of a material fact, made with the intention to induce another to enter into an agreement and without which he would not have done so, justifies the court in vacating the agreement. It is obvious that no one would obligate himself by a contract, if he knew that a material representation, entering into the reason for his consent, was untrue. There is no valid reason for excepting the marriage contract from the general rule. * * * Our attention has been called to cases in the courts of this State and of other States, which seem to hold a different doctrine upon the subject of the judicial annulment of a marriage contract. Whatever may be said in explanation, or in differentiation, I think it is sufficient that we rely upon the plain provision of our statute and upon the application to the case of a contract of marriage of those salutary and fundamental rules, which are applicable to contracts generally when determining their validity. If the plaintiff proves to the satisfaction of the court that, through misrepresentation of some fact, which was an essential element in the giving of his consent to the contract of marriage and which was of such a nature as to deceive an ordinarily prudent person, he has been victimized, the court is empowered to annul the marriage." In *Domschke* v. *Domschke* (138 App.

Div. 457) the court in considering what is fraud within the contemplation of a statute, quoted from Parsons on Contracts (Vol. 2 [8th ed.], p. 895) as follows: " If the fraud be such that, had it not been practiced, the contract would not have been made, or the transaction completed, then. it is material to it; but. if it be shown or made probable that the same thing would have been done by the parties, in the same way, if the fraud had not been practiced, it cannot be deemed material." It has been held by the trial courts in some cases that the fraudulent misrepresentation must be with respect to a material, existing fact and that it is not sufficient where it consists of a fraudulent promise with respect to a future act (*Schachter* v. *Schachter*, 109 Misc. Rep. 152; *Neletta* v. *Neletta*, N. Y. L. J., June 15, 1918), and in others it has been held that such fraud as was here alleged and proved is sufficient. (*Rubinson* v. *Rubinson*, 110 Misc. Rep. 114; *Cohen* v. *Cohen*, Sup. Ct., N. Y. County, Index No. 35955, 1917.) Here, plaintiff and her mother were orthodox Jews and the plaintiff was within her right in refusing to marry the defendant unless he consented to a marriage ceremony performed in accordance with her religion. Of course, if plaintiff had consented to the consummation of the marriage without the performance of the promise concerning the religious ceremony, that would constitute a waiver of the fraud and preclude the maintenance of the action, for she would necessarily know before consenting to such cohabitation that the defendant had been guilty of a fraud. (Code Civ. Proc. § 1750; *DiLorenzo* v. *DiLorenzo*, *supra.*) Authority to annul other contracts extends to fraud with respect to the representation by one of the parties as to his intent concerning future action, and where a party is induced to make a contract relying upon a fraudulent representation made by the other party with respect to his intention concerning future action, but for which consent to the execution of the contract would not have been given, that is deemed a fraudulent representation with respect to a material existing fact sufficient to warrant the annulment of a contract for fraud. (*Adams* v. *Gillig*, 199 N. Y. 314; *Ritzwoller* v. *Lurie*, 225 id. 464.) Here, the marriage has not been consummated and I see no reason why it should not be annulled, and if that relief be not afforded, plaintiff will be obliged to waive her

religious scruples and consummate the marriage without the promised religious ceremonial marriage or remain bound to the defendant and deprived of the free right she had to marry according to her religion or to remain single. Where the marriage has not been consummated, it has been held that it " is so inchoate and incomplete that the *status* of the parties is similar to that of parties to an executory contract, and may be annulled without violating any considerations of public policy." (*DiLorenzo* v. *DiLorenzo, supra,* 71 App. Div. 509, 519, cited with approval in *Svenson* v. *Svenson, supra.*) It follows that the judgment should be reversed and an interlocutory judgment of annulment entered in accordance with section 1774 of the Code of Civil Procedure.

SMITH, PAGE and MERRELL, JJ., concur; CLARKE, P. J., dissents.

Judgment reversed, with costs, and interlocutory judgment of annulment of marriage ordered.