ETHEL ROSZA, Plaintiff, *v.* MILTON M. ROSZA, Defendant.

(Supreme Court, New York Special Term, January, 1922.)

Marriage — annulment for fraud — broken promise to have Jewish ceremonial marriage.

Where a husband absolutely refuses to have a Jewish ceremonial marriage performed in fulfillment of his promise made to his wife before the civil marriage, and the referee to hear and determine the issues in an action for the annulment of the marriage on the ground of fraud finds that because of such refusal there has been no cohabitation between the parties, the report of the referee in favor of plaintiff will be confirmed.

ACTION for annulment of a marriage on the ground of fraud.

Lind & Pfeiffer (Alexander Pfeiffer, of counsel), for plaintiff.

Nordlinger & Riegelman, for defendant.

COHALAN, J. The action is one for the annulment of a marriage on the ground of fraud. Both plaintiff and defendant are of the Hebrew race and Jewish faith. The plaintiff asserts that for the purpose of inducing her to consent to the civil marriage the defendant fraudulently and falsely represented and promised that he would marry her according to the Jewish religion and customs; that relying upon these

promises she married the defendant on April 1, 1919, in the office of the city clerk; that, subsequent to this marriage, the plaintiff frequently asked the defendant to carry out his promise and that he continually refused so to do. The defendant in his answer admits that both parties are of the same race and religion; the performance of the civil marriage; that no religious ceremony has been performed; that he has been asked by the plaintiff and has refused thus to be married. The issues were referred to I. Maurice Wormser, Esq., as referee, to hear and determine, and his report is now before me for confirmation. The learned referee in his oral opinion, rendered at the closing of the hearings, and in his written report, gives a clear and correct interpretation of the law applicable to a case like the present. The plaintiff was a young woman brought up in and strictly adhering to the faith of her fathers, observing in detail the practices of her religion, regularly attending its house of worship and being one of a family all the others of whom, like herself, were strictly orthodox in their beliefs. All of the then members of the plaintiff's family and their married relatives had been married according to the strict orthodox ceremonies of the Jewish religion. A sister of the plaintiff, some time after the marriage now in question, was married according to such rites. The defendant, although repeatedly asked after the civil ceremony to keep his promise to have a Jewish ceremonial marriage, refused so to do. The plaintiff says that she never would have consented to the civil ceremony had she not believed it would be followed by a religious one, and that she at no time believed the marriage to be binding without the religious ceremony. The referee has found that the representations made by the defendant were false and fraudulent and were mate-

rial, and that without them the plaintiff would never consent to consummate the marriage by cohabitation. He finds, further, that because of the refusal of the defendant to have the religious ceremony there has been no cohabitation between the parties. Section 1750 of the Code of Civil Procedure, now section 1139 of the Civil Practice Act, authorizes in an action by the party defrauded the annulment of a marriage on the ground that the consent of one of the parties was obtained by fraud. This section authorizes the annulment of a marriage for any fraud or deception which would invalidate or authorize the cancellation of any contract. *Di Lorenzo* v. *Di Lorenzo,* 174 N. Y. 467. The fraud must be material to the making of the contract. It must be material to the extent that had the promise not been made the party deceived would not have consented to the marriage. Any misrepresentation of a material fact made to induce another to enter into an agreement and without which he would not have done so requires the court to vacate the agreement. This is the general rule of contracts, and the marriage contract is no exception thereto. The plaintiff in the instant case has proved to the satisfaction of the referee that there was a misrepresentation of an essential element in the giving of her consent to the contract of marriage; that this misrepresentation was of such a nature as to deceive an ordinary prudent person, and did deceive her, and that she is therefore entitled to the relief sought. *Rubinson* v. *Rubinson,* 110 Misc. Rep. 114; *Di Lorenzo* v. *Di Lorenzo,* 174 N. Y. 467; *Watkins* v. *Watkins,* 197 App. Div. 489; *Svenson* v. *Svenson,* 178 N. Y. 54. I have carefully gone over the testimony, the learned opinion and the report of the referee. I agree with him and his report accordingly is confirmed.

Report of referee confirmed.