HENRY E. OTTO, Appellant, v. FREDA FRIED, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Young and Kapper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HELEN ELYSEN, Correct Name HELEN EYSEL, Appellant.— Judgment of conviction by the Court of Special Sessions reversed, and a new trial ordered, pursuant to section 542 of the Code of Criminal Procedure. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

HARRY SILVERSTONE and SAMUEL THOMAS, Respondents, v. THE CITY OF NEW YORK, Appellant.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The answer attacked specifically presents the issue raised by plaintiffs, that the taxes and assessments were illegally levied because imposed on land in a public highway. Such issue is raised by the defendant's allegations that during said period the public highway had been abandoned as such. Although it might have been better pleading to have presented the defense separately in some other portion of the answer, we do not see that the plaintiffs are in anywise injured or prejudiced by being informed in the manner set forth in the answer of how the defendant expects to meet the claim that said land was in a public highway. In the light of the statute (Civ. Prac. Act, § 275), that pleadings must be liberally construed with a view to substantial justice between the parties, we are of the opinion that the disposition of the motion made below was incorrect. Kelly, P. J., Jaycox, Young and Kapper, JJ., concur.

ROSE R. COHAN, Respondent, v. ABRAHAM COHAN, Appellant.— The story of the plaintiff that she believed it necessary to get a plain gold ring as an incident to obtaining a marriage license, and her story that she believed the actual civil marriage ceremony, which undoubtedly took place, to be only a part of the formalities incident to obtaining a marriage license, are rejected by this court as incredible. Findings 12, 13, 14, 15, 33, 34, 35, 36, 37, 38, 40, 44, 46, 47, 48, and conclusions of law 2, 7 and 8 are, therefore, reversed as contrary to the evidence. The remaining findings that a civil marriage took place between the parties upon the distinct false representation by the defendant that it would be followed by a marriage according to the Jewish rite, are affirmed; and the 3d proposed finding by the defendant is found. With the findings thus modified, the interlocutory judgment is unanimously affirmed, with costs, on the authority of *Watkins* v. *Watkins* (197 App. Div. 489). Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

TOWN OF MAMARONECK and VILLAGE OF PELHAM, Appellants, v. VILLAGE OF MAMARONECK and Others, Appellants, Impleaded with NEW YORK INTER-URBAN WATER COMPANY and Others, Respondents.— Motion to modify referee's report granted by increasing the damages of the defendant New York Inter-Urban Water Company in the sum of $1,090, with interest from June 6, 1922, and as so modified referee's report confirmed, with ten dollars costs. This amount was found by the referee to be reasonable, and to have been actually incurred by said defendant between the rendition of the judgment of affirmance by this court and the granting of leave to appeal to the Court of Appeals by that court. We think these expenditures were rendered necessary by the granting of the injunction. Present — Kelly, P. J., Jaycox, Young and Kapper, JJ. Settle order on notice.