HARRY MILLER, Plaintiff, *v.* MARIE METZINGER MILLER, Defendant.

Supreme Court, Monroe County, May 15, 1928.

**Husband and wife — annulment of marriage — marriage annulled on ground of fraudulent intention not to consummate marriage.**

The evidence clearly establishes that the defendant fraudulently intended not to consummate the marriage with the plaintiff, her husband, and that such intention existed before the marriage took place. The marriage of the parties is annulled.

ACTION for annulment of marriage.

*H. Douglas Van Duser*, for the plaintiff.

*John J. McInerney*, for the defendant.

CUNNINGHAM, J. The parties hereto were married on the 11th day of August, 1919, and resided together until the 14th day of May, 1920. Before the marriage the question of whether or not the defendant should bear children was the subject of much discussion between her and the plaintiff. The understanding was had between them that they should refrain for some time from marital intercourse but that after such period they should assume the

ordinary marital relation. After the marriage the defendant continually refused to submit to such intercourse and the marriage has never been consummated. Marital intercourse, so that children may be born, is an obligation of the marriage contract and " is the foundation upon which must rest the perpetuation of society and civilization." The obligation may not be modified by private agreement between the parties. (*Mirizio* v. *Mirizio*, 242 N. Y. 74.)

The evidence in this case convinces me that the defendant entered into the marriage with the intention of not submitting to marital intercourse and of not having children; that the plaintiff believed the defendant would submit to marital intercourse and entered into the marriage with that belief. Under such circumstances the marriage will be annulled. (*Rutstein* v. *Rutstein*, 221 App. Div. 70.)

Judgment may be entered annulling the marriage between the parties in this action.