YETTA E. FEYNMAN, Plaintiff, *v.* JACOB S. FEYNMAN, Defendant.

Supreme Court, Special Term, Kings County, April 14, 1938.

*James M. Fawcett,* for the plaintiff.

*George Ginsburg,* for the defendant.

WENZEL, J. This is an action for an annulment based on the fraud of the husband. The wife is and was at the time she first met her husband a school teacher. He was at that time a young medical student who had been obliged to suspend his studies for lack of funds. She had cash; he had ambition. He promised to marry her if she would furnish $3,000 to complete his education. They agreed, were married and left on a honeymoon at which time the marriage was consummated. She paid him a portion of the agreed price and he left for London, where he stayed for several years completing his education, she remaining in America except for two visits she paid him during her summer vacations. While he was in London she sent to him remittances which together with what she had given to him before he left totaled several hundred dollars in excess of the amount agreed upon. Having received all the cash he could get he became increasingly indifferent, he delayed his return to this country and treated his wife cavalierly when he did return. They had not cohabited as man and wife since the honeymoon, and when she insisted that they live a normal married life he refused. She called his attention to the fact that she had told him before the marriage that she would like to have a large family and that he had not demurred, whereupon he told her that he hated children, would not have any, and that he had no love for her, never intended to live with her and had married her only to be able to

complete his education. This in brief was the plaintiff's testimony, corroborated in large part by that of her mother. The defendant, present in court and represented by counsel, made no denial but rested on the plaintiff's case. I shall, therefore, take the plaintiff's story as true.

The fact that the defendant never loved the plaintiff would not entitle her to an annulment. Law does not recognize the necessity of love in the marriage relationship, but it does presume that those entering upon the marriage contract will accord each to the other all the rights and privileges incident upon that relationship. On the defendant's confession, " he never intended " to live with his wife. His marriage therefore was a fraud upon the plaintiff, since he assumed obligations he had no intention of meeting. The defendant claims that a marriage may not be annulled for fraud where the alleged fraud was the failure to perform a promised future act. It is unnecessary to comment on this contention, since here the alleged fraud goes to the very essence of the contract and is destructive of the marriage relationship. The defendant having played his hand until he had obtained that which he sought, now seeks to avoid this annulment, not for any reason other than the effect it may have on the suit the wife has brought for the return of the moneys she has advanced to him, and the possibility that it may affect his chance of getting a license to practice medicine in the State of New York.

Judgment for the plaintiff.