SAM SCHULMAN, Plaintiff, *v.* DORA SCHULMAN, Defendant.

Supreme Court, Trial Term, Kings County, October 28, 1943.

*Harold L. Fisher* for plaintiff.

*Benjamin L. Seid* for defendant.

F. E. JOHNSON, J. The plaintiff's version of the facts seems more probable and he is entitled to a finding in his favor on the material allegations of the complaint. Counsel disagree on the legal effect of finding those facts. If there was a discussion before marriage, such as the husband claims, he is entitled to judgment under the principles applied in *Coppo* v. *Coppo* (163 Misc. 249) and *Mirizio* v. *Mirizio* (242 N. Y. 74). If nothing was said on the subject in question before marriage, silence on the wife's part warrants inferences along normal and legal lines and her subsequent conduct might well be said to be contrary to the implications of her silence. This later attitude is fairly indicative of her state of mind before the marriage and it might well be found that she had entered into the marriage with a mental reservation that affected a vital element of the marriage contract. To conceal that mental attitude, even by merely being silent, would entitle the plaintiff to a decree upon the principle upon which *Smith* v. *Smith* (112 Misc. 371) was decided. Other cases applying that principle, though to different situations of fact, are *Sleicher* v. *Sleicher* (251 N. Y. 366) and *Sobol* v. *Sobol* (88 Misc. 277). When nothing is said prior to marriage by the wife on the subject, her silence means that she intends to enter into a marriage contract with all the usual implications, including a willingness on her part to have a child. When, as here, she insists upon her right to decide when that shall happen, she is, in effect, injecting into the marriage contract a provision that the law does not place there when the parties enter into the contract silently. (*Miller* v. *Miller*, 132 Misc. 121.) It seems, therefore, that whichever version is taken concerning the premarital understanding, the plaintiff is entitled to judgment on these authorities.