Mary Bohok, Plaintiff, *v.* John Bohok, Defendant.

Supreme Court, Special Term, Albany County, July 12, 1946.

*Eugene G. Hess* for plaintiff.

*John H. Cogan* for defendant.

Bergan, J.  The granting of annulment of marriage on the ground one of the parties at the time of marriage fraudulently conceals from the other an intent not to have children has become the recognized rule in New York.  (*Schulman* v. *Schulman,* 180 Misc. 904; *Coppo* v. *Coppo,* 163 Misc. 249.)  It is rarely granted where there is a child born of the marriage.  (*Longtin* v. *Longtin,* 22 N. Y. S. 2d 827, 831.)  In such a case, it would be necessary to prove not only the fraud at the inception of the marriage, but that the fraudulent design continued, unknown to the other party, notwithstanding the birth of the child.

At the very minimum this would require strong and convincing proof.  It would, of course, be necessary to prove also, as it is in all actions for annulment for fraud, that there has been no acquiescence by the deceived party in the fraud of the other.  (Civ. Prac. Act, § 1139.)  This depends on time, circumstance and the necessity of reasonable good sense and judgment in seeing the manifestations after marriage of the fraudulent purpose.

I know of no case in New York where an annulment has been granted because of a misrepresentation of the number of children to be born.  Here plaintiff contends that defendant agreed to have five children but would have only one.  The defendant has been sworn and concedes this.  I hold that this kind of

representation based upon the quantum of children to be born is not a good ground for annulment.

Assuming that the discussion was had about the number of children, I do not regard it as having been fraudulently made by defendant, although he now says it was. I think the true fact is that defendant changed his mind about the number of children after the parties were married, as the plaintiff's own testimony in several places clearly indicates. Whatever else this is, it is not fraud.

To avoid the absurdity implicit in an action to annul a marriage for a fraudulent refusal to have children where there are children, the court must carefully scrutinize any such claim.

Application for judgment denied. Submit decision.