JOHN N. THURBER, Plaintiff, *v.* THELMA F. THURBER, Defendant.

Supreme Court, Erie County, July 29, 1946.

*Francis Di Bartolo* for plaintiff.

No appearance for defendant.

THOMAS H. NOONAN, Official Referee. When this action to annul the marriage of the parties came before Justice RAYMOND C. VAUGHAN, he referred it to me, an Official Referee of the Supreme Court, to hear and determine, and it was heard at Buffalo, New York, on July 6, 1946.

The parties were married at Berkeley, California, on May 27, 1944, and then lived together as husband and wife until he went overseas with the army on June 15, 1944. When he returned from the army they lived in the same house for about six months but not as man and wife. The defendant refused to have children although she had promised to do so before their marriage and her refusal to have children is a good ground for the annulment of their marriage (*Coppo* v. *Coppo,* 163 Misc. 249; *Miller* v. *Miller,* 132 Misc. 121; *Schulman* v. *Schulman,* 180 Misc. 904).

When the plaintiff left for overseas in the army defendant got the financial allotment to which she was entitled but when he was discharged from the army and the allotment ended, defendant refused to live with plaintiff. Her conduct shows clearly that she married for the allotment and had no intention of living permanently with the plaintiff. This is a good ground for an annulment (*Feynman* v. *Feynman,* 168 Misc. 210; *Ryan* v. *Ryan,* 156 Misc. 251; *Sheridan* v. *Sheridan,* 186 N. Y. S. 470; *Lewine* v. *Lewine,* 170 Misc. 120; *Moore* v. *Moore,* 94 Misc. 370; *Rubman* v. *Rubman,* 140 Misc. 658).

Since 1930 Kenmore, Erie County, New York, has been the legal residence of the plaintiff and he is now teaching at Syracuse University and when he asked defendant to come to this State to live as he had the legal right to do, she refused, which further showed that she never intended that her marriage to the plaintiff was to be permanent.

Marrying a soldier solely for the purpose of getting an allotment and more if the soldier is killed, as many of our so-called patriotic women have done, is the most brazen kind of a fraud and is a good ground for the annulment of the marriage.

An annulment is authorized in this State for any fraud or deception which would invalidate or authorize the cancellation

of any contract (9 Carmody on New York Pleading and Practice, § 23; *Shonfeld* v. *Shonfeld,* 260 N. Y. 477; *di Lorenzo* v. *di Lorenzo,* 174 N. Y. 467; *O'Connell* v. *O'Connell,* 201 App. Div. 338; *Thompson* v. *Thompson,* 255 App. Div. 814; *Kujek* v. *Goldman,* 150 N. Y. 176).

Any fraud is adequate which is (1) material to that degree that had it not been practiced, the party deceived would not have consented to the marriage, and (2) of such a nature as to deceive an ordinarily prudent person (9 Carmody on New York Pleading and Practice, § 23; *Williams* v. *Williams,* 11 N. Y. S. 2d 611).

Upon the facts and the law the plaintiff is granted a judgment annulling his marriage to the defendant.

Submit findings and judgment.