## GERARDI v. GERARDI.
### Civ. No. 29071.

District Court of the United States for the District of Columbia.

Dec. 30, 1946.

James F. Bird, of Washington, D. C., for plaintiff.

Richard W. Oliver, of Washington, D. C., for defendant.

KEECH, Associate Justice.

This is a suit for annulment on two grounds: (1) lack of contractual intentions, and (2) fraud in misrepresenting age. Since this marriage was performed in Maryland, it follows that Maryland law is controlling.

This being so, at the outset we are confronted with the Maryland ruling (Brown v. Scott, 140 Md. 258, 117 A. 114, 22 A.L.R. 810) that in alleging fraud in the procurement of a marriage, application for relief should be made promptly. In this connection, it is noted that the parties were married on April 14, 1944; that the plaintiff procured a dependency allotment from the Navy apparently for the remaining period of defendant's enlistment; that action was not instituted until May 24, 1945, more than 13 months after the marriage was entered into and consummated. This is not a prompt application for relief.

Hitchens v. Hitchens, D. C., 47 F.Supp. 73, is a carefully written opinion by the late Chief Justice Eicher, in which it is held that non-age alone is not sufficient ground for the annulment of a marriage.

We come now to the question of "lack of contractual intentions." The facts here are that the parties entered into the marriage while defendant was on a furlough from the Navy; that the marriage was consummated; and that thereafter defendant is alleged to have said that he had no intention of engaging upon a valid marriage relationship. In defendant's letter dated November 21, 1944, the following statements are significant: "To tell the truth I was never in love with you, but it was good while it lasted. You'll be alright in a few more years when you know what you are doing. Both of us are too young to be married and the quicker you get the divorce the better off we will be. I don't know what grounds you are going to

use. But it better be a good one. I could think of a good one, but I don't think you would like it. I wouldn't like to get sucked in again."

In the case of Brooke v. Brooke, 60 Md. 524, plaintiff and defendant were married and the marriage was consummated. Defendant was reported to have stated to plaintiff that "I will marry you, but understand, I will never live with you." It was shown that defendant never acknowledged the plaintiff as his wife, that she acquiesced in this arrangement, even to the extent of continuing to use her maiden name in all her transactions, but when called upon the Maryland court held that this was a good marriage.

▮▮ While it is true that it has been held that if either party enters into the marriage contract with an undisclosed intention of not performing, and thereafter refuses and persists in refusing to perform, such party is guilty of fraud going to the essence of the marriage relation, and the other party is entitled to have the marriage annulled (Hyslop v. Hyslop, 241 Ala. 223, 2 So.2d 443; Bolmer v. Edsall, 90 N.J.Eq. 299, 106 A. 646; Bragg v. Bragg, 219 Cal. 715, 28 P.2d 1046), nevertheless, there is no such showing here. In the case under consideration, the parties took out a marriage license one day, were married the next day, lived together as man and wife for the following two days and, perhaps, on one other occasion, following which the husband went back to the Navy and decided that he did not want to continue the relationship.

As was stated by the Court in the case of Samuelson v. Samuelson, 155 Md. 639, 642, 142 A. 97, 99: "* * * the case seems to be one, not of an uncompleted, qualified marriage, but of marriage taken more lightly than the law permits, and now repented. * * * It is not to be expected that this will be the last instance of hasty, impulsive marriage, but the recurrence of such things seems to render it none the less necessary for the law to insist that marriages shall stand, and not be nullified, except with caution, and only upon clear, satisfactory proof of recognized grounds of nullification. The courts are not authorized to annul them

merely because it may seem well for the particular parties before them." (Citing Maryland cases.)

It follows that the petition for annulment should be dismissed.

Counsel appointed by the Court to represent the defendant will prepare and present promptly an appropriate order.