## NELSON v. NELSON.

### No. 9761.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1948.

Decided Dec. 2, 1948.

Mr. Otho D. Branson, of Washington, D. C., with whom Mr. Emerson W. Browne, of Washington, D. C., was on the brief, for appellant.

Mr. Joseph A. McMenamin, of Washington, D. C., with whom Mr. Robert I. Miller, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Circuit Judges.

PER CURIAM.

Appellee John Nelson sued appellant Dorothy Nelson for divorce. She denied his charges, and also counterclaimed for annulment by reason of her own preexisting marriage. She asked the court to award her an interest in a house belonging to the parties, claiming she had contributed to its purchase.

The District of Columbia Code provides: "Upon the entry of a final decree of annulment or divorce a vinculo * * * all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable." D. C. Code 1940, § 16—409.

The court decreed annulment, found that appellant had not contributed to the purchase of the house, and awarded her no interest in it. She contends the court erroneously excluded evidence of her contributions. The record shows that her counsel, without having proffered such evidence, expressly rested, "except for the identification of the parties" to the prior marriage. But the record is not inconsistent with counsel's present contention that he meant to rest only with respect to an oral motion then pending, not the whole case. He failed to make this clear at the trial. There was therefore no error or abuse of discretion in the court's subsequent ruling that it was too late for counsel to make a proffer of testimony. Yet we are inclined to think counsel did not intentionally give up his right to prove contributions. If the District Court should see fit to entertain a motion filed within ten days from the issuance of the mandate herein, to reopen the case for the purpose of hearing further testimony, we see no objection to its doing so. Otherwise the judgment is to stand affirmed. The quoted statute is in our opinion fully applicable.

Affirmed.