■ In the Matter of the Arbitration between UNDERHILL CONSTRUCTION CORP., Respondent, and SANSOUCI REALTY CORP., Appellant.— Order granting motion to compel arbitration affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ MARY LA MONICA, Appellant, v. JOHN LA MONICA, Respondent.— In an undefended action by a wife to annul a marriage upon the ground of fraud, for custody of the child of the marriage, and for other relief, the Official Referee to whom the action had been referred to hear and determine rendered a decision in favor of the husband but awarded custody to the wife. The appeal is from the decision and from the judgment entered thereon. Judgment affirmed, without costs. In view of the fact that a child was born to the parties about one year after their marriage, it may not be said as a matter of law that the husband's alleged premarital representation of willingness to have " children " was rendered false by the birth of only one child and by his abandonment of appellant. Where issue has been born, the law does not countenance an annulment upon the ground that fewer children were born than the parties may have anticipated prior to the marriage, though such result ensue from the defendant's contrivance (*Griffin* v. *Griffin,* 122 Misc. 837, 838; *Longtin* v. *Longtin,* 22 N. Y. S. 2d 827, 831; *Bohok* v. *Bohok,* 186 Misc. 991). Appeal from decision dismissed, without costs. No separate appeal lies from the decision, which has been reviewed on the appeal from the judgment. Nolan, P. J., Ughetta and Hallinan, JJ., concur; Wenzel and Kleinfeld, JJ., concur insofar as the appeal from the decision is dismissed, but dissent insofar as the judgment is affirmed, and vote to reverse the judgment and to grant a new trial, with the following memorandum: A new trial is necessitated by the palpable errors in the dates testified to by appellant's father, which would fix the date of the abandonment as prior to the date of the marriage. But apart from this, we believe a prima facie case of fraud was established. The unanticipated conception by appellant does not alter the husband's fraudulent intent and representations. In addition to his admissions, there is the fact of his reaction when informed of appellant's pregnancy. It is an old saw that " actions speak louder than words." His almost immediate abandonment of her seems to us more strongly corroborative of the testimony. of appellant and her father than would be the testimony frequently adduced in poll-parrot fashion in undefended annulment cases.