Betty Lou OSBORNE, Appellant,

v.

Lawrence OSBORNE, Appellee.

No. 1990.

Municipal Court of Appeals for the District of Columbia.

Argued May 27, 1957.

Decided Aug. 30, 1957.

Irvin Barnes, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant wife sued her husband for annulment of their marriage on the basis of (1) concealment of premarital nonchastity and (2) nondisclosure of his intention not to live with her as man and wife. The court dismissed the petition and this appeal followed.

The undisputed facts disclosed that immediately after the marriage in nearby Maryland, while the parties were returning

to the District of Columbia where they supposedly were to live, the husband told appellant he had no place for her to live and that she would have to stay with her sister. He also informed her that he had to appear before the authorities on a nonsupport charge of an illegitimate child. The wife testified that they went to her sister's house and "we sat around and talked for twenty minutes or half an hour and then he left." Since that time the wife has seen her husband once. This occurred when she visited him in jail, having learned he had been committed on the nonsupport charge. Future visits were made impossible as he had her name removed from his visiting list and her letters to him were not answered. The marriage was never consummated, the parties have not cohabited, and he has never contributed to her support.

In rendering judgment the trial judge said:

"* * * The Court concludes, as a matter of law, that the fraud relied upon is insufficient to sustain an action for annulment and that the facts relied upon to prove fraud were not corroborated and the plaintiff is not entitled to relief by way of annulment. * *"

 While a court of the domicile of the parties has jurisdiction to annul a marriage contracted elsewhere, the court of the forum will be governed by the substantive law of the state where the marriage was performed, except where a marriage is in violation of the strong public policy of the domiciliary state.[1] Under Maryland Code 1951, art. 16, sec. 31, a court of equity is authorized to declare a marriage procured by abduction, fraud, terror, or duress a nullity, by virtue of its inherent jurisdiction to annul any ordinary contract procured in the same way.[2] We agree with the trial court in its ruling that concealment of nonchastity by the husband was not a sufficient ground for annulment. Although we are unable to find any Maryland cases in point, there are holdings to the effect that the fraud necessary to obtain an annulment must be of such character as to go to the very foundation of marriage.[3] We do not think that concealment of nonchastity by a husband is of this character.

However, there is merit in appellant's other ground, for if either party enters into the marriage contract with an undisclosed intention of not performing and thereafter refuses and persists in refusing to perform, such party is guilty of fraud going to the essence of the marriage relation and the innocent party is entitled to have the marriage annulled.[4] Under Maryland law, annulments may be granted for lack of contractual intention. Owings v. Owings, 141 Md. 416, 118 A. 858; Brooke v. Brooke, 60 Md. 524.

The trial court ruled that there was no corroboration as to lack of cohabitation, the husband's intention not to comply with his marital vows, and his failure to establish a home. The principles applicable to the quality and degree of evidence are gov-

1. Gerardi v. Gerardi, D.C.D.C., 69 F. Supp. 296; Hitchens v. Hitchens, D.C. D.C., 47 F.Supp. 73.

2. Townsend v. Morgan, 192 Md. 168, 63 A.2d 743; Wimbrough v. Wimbrough, 125 Md. 619, 94 A. 168; Ridgely v. Ridgely, 79 Md. 298, 29 A. 597, 25 L.R.A. 800; Le Brun v. Le Brun, 55 Md. 496.

3. See Behr v. Behr, 181 Md. 422, 30 A. 2d 750; Brown v. Scott, 140 Md. 258, 117 A. 114, 22 A.L.R. 810.

4. 3 Nelson, Divorce and Annulment (2d ed.), § 31.37; Gerardi v. Gerardi, supra; Hyslop v. Hyslop, 241 Ala. 223, 2 So.2d 443; Bragg v. Bragg, 219 Cal. 715, 28 P.2d 1046; Millar v. Millar, 175 Cal. 797, 167 P. 394, L.R.A.1918B, 415; Miller v. Miller, 132 Misc. 121, 228 N.Y.S. 657.

erned by the law of the forum;[5] and in Schroeder v. Schroeder, D.C.Mun.App., 133 A.2d 470, we recently held that corroboration is not required as a matter of law.

On a new trial of this case, we think the court, after hearing all of appellant's evidence on the type of fraud discussed above, might find sufficient evidence to grant an annulment.

Reversed with instructions to grant a new trial.

5. Koehne v. Price, D.C.Mun.App., 68 A.2d 806.