Owen McGivern, J.
The defendant moves pursuant to rule 106 of the Buies of Civil Practice for a dismissal of the second cause of action as set forth in an amended complaint on the ground that it does not state facts sufficient to constitute a cause of action.
This second cause of action is predicated on fraud because, allegedly, the defendant prior to the marriage represented that “ he believed in planned parenthood and would practice planned parenthood upon their marriage”. However, the plaintiff complains that after the marriage the defendant admitted that he did not believe in planned parenthood and “ desired to raise a family of five or six children, to be born as quickly as possible after the parties’ marriage”. The couple were married on October 1,1955, and their first child was born on June 23, 1956.
Firstly, allegations of fraud, to be actionable, must be specific. Here, they are not; they merely assert that before marriage the defendant “ believed ” in planned parenthood, afterwards he did not. What the defendant’s notion of ‘ ‘ planned parenthood ’ ’ was is not spelled out. It may be assumed he meant some regulation of offspring, but by what means and to what degree the complaint is silent. Perhaps planned parenthood to him was the begetting of five or six children, and then none thereafter. In any event, the complaint is too vague for actionable fraud. (Knowles v. City of New York, 176 N. Y. 430; Lustig v. Lustig, 269 App. Div. 571.)
Secondly, although New York has recognized the rule that permits an annulment for the fraudulent concealment of an intent not to have any children, there does not seem to be any precedent in New York permitting an annulment because of a misrepresentation concerning the number of children contemplated by one of the parties to the union. The only case involving 11 numbers ” called to the attention of this court is Bohok v. Bohok, 186 Misc. 991-992) and there the court said: “I know of no case in New York where an annulment has been granted because of misrepresentation of the number of children to be born * * # I hold that this kind of representation based upon the quantum of children to be born is not a good ground for annulment. * * * Whatever else this is, it is not fraud.”
Moreover, although it is recognized that not every fraud is *106 ground for annulment (Woronzoff-Daschkoff v. Woronzoff-Daschkoff, 303 N. Y. 506), the type of fraud attempted to he alleged here would draw.the courts, in their consideration of marriage, away from the domain of public policy and into an area of ‘ ‘ private agreements ” into which they have thus far wisely refused to go. As Lehmah, J., said in Mirizio v. Mirizio (242 N. Y. 74, 93): “I accept without reservation or doubt the rule of law that the obligations of the marriage contract are fixed and may not be modified by private agreement ”.
Furthermore, with particular reference to the complaint at bar, it does seem basically incongruous with the nature of the marital bond for a court to permit an annulment of this wife’s marriage because the husband has expressed a desire to fulfill one of the primary purposes of marriage, to wit, the procreation of the human species.
The motion is granted and the cause of action is dismissed.