Jack Edward **FISHER**, Appellant,

v.

Mary Elizabeth **FISHER**, Appellee.

No. 2592.

Municipal Court of Appeals for the District of Columbia.

Argued June 20, 1960.

Decided July 29, 1960.

Irving Wilner, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from an order denying a husband an annulment of his marriage. The wife made no appearance and was represented by court-appointed counsel. The husband's testimony, corroborated in part by a witness, was substantially the following:

The parties, after knowing each other about two years, were married in the District of Columbia on July 24, 1959, at 4:00 o'clock in the afternoon. Following the marriage they went to the home of his wife's uncle where, apparently, they were joined by various members of the family and friends. Sometime after 7:00 o'clock in the evening when they "were all sitting around and talking," the wife announced that she was leaving to return to her home in Kentucky "on account of my little brother." Despite the husband's protests she packed her belongings and took the 11:00 o'clock train to Kentucky. The husband wrote several letters to her and in August went to see her. There she told him she had no intention of living with him and returned to him the wedding rings.

On this evidence appellant insists it was error not to grant an annulment of the marriage. He cites Osborne v. Osborne, D.C.Mun.App., 134 A.2d 438, 439, where we said that "if either party enters into the marriage contract with an undisclosed intention of not performing and thereafter refuses and persists in refusing to perform, such party is guilty of fraud going to the essence of the marriage relation and the innocent party is entitled to have the marriage annulled."

Appellant argues that the only reasonable inference to be drawn from the evidence is that appellee went through the marriage ceremony merely as a matter of form and with no intention of assuming the marital obligations. The trial court could have drawn such an inference but it was not compelled to do so. The evidence presented this question to the court: Did appellee go

through the ceremony in bad faith, or did she act in good faith and then change her mind?[1] The evidence did not conclusively answer the question. There was no evidence whatever explaining or tending to explain appellee's conduct; and the evidence presented failed to convince the trial court that appellant had proven fraud justifying an annulment. We cannot rule as a matter of law that the court should have found otherwise.

Affirmed.

**I.** Cf. Farrington v. Farrington, D.C.Mun.App., 140 A.2d 921.