**Margaret Mae JETT, Appellant,**

v.

**Lawrence A. JETT, Appellee.**

No. 3839.

District of Columbia Court of Appeals.

Argued March 28, 1966.

Decided Aug. 3, 1966.

by the husband released all claims, including maintenance and alimony, against the husband. About three months later the wife filed an answer to the husband's suit, denying his allegations, seeking a divorce on the ground of cruelty, and asking that the separation agreement be declared null and void.

After an extended trial the court granted an annulment of the marriage based upon its finding that: "The defendant had no intention either before, during or after the marriage of consummating a valid marriage with the plaintiff or of performing the normal duties of a wife, entered into the purported marital relationship with fraudulent intent and refused to engage in sexual relations with the plaintiff and normal social functions with the plaintiff."

Appellant wife contends this finding was not supported by the evidence, but a reading of the nearly 400 pages of transcript convinces us that the evidence and inferences to be drawn therefrom furnished a sufficient basis for the finding.[1]

Appellant also complains that the testimony of one of her witnesses, a thirteen-year-old girl, was erroneously stricken by the trial court. The child's cross-examination had been interrupted by a brief recess. When she returned to the stand, she was apparently perturbed and admitted she had been crying. Upon being questioned she admitted she had talked with other prospective witnesses during the recess. She also changed a portion of her testimony after returning to the stand. The trial court ordered her testimony stricken. At the conclusion of the case the court stated it was of the opinion that the child "had been coached and interfered with to the extent that her testimonial value was rendered nugatory" and for that reason her testimony was stricken.

It is generally held that the fact that testimony of a witness contains contra-

Harold F. Golding, Washington, D. C., for appellant.

Alfred G. Graf, Washington D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

After a married life of approximately one year, the parties separated and thereafter the husband sued for an annulment of the marriage, alleging that the wife had never performed any of her wifely duties, that she had never intended to do so and had gone through the marriage ceremony merely for the purpose of receiving monetary benefits. After suit was instituted but before answer was filed, the parties entered into an agreement entitled "Voluntary Separation Agreement", in which the wife in consideration of $10,000 paid her

1. See Fisher v. Fisher, D.C.Mun.App., 162 A.2d 772 (1960); Osborne v. Osborne, D.C.Mun.App., 134 A.2d 438 (1957).

dictions or is altered on cross-examination is not ground for striking the testimony;[2] and generally a witness should not be disqualified because of violation of the court's order for sequestration of witnesses, except under special circumstances when it is shown that the violation was with the connivance or knowledge of the party or his counsel.[3] Here the court made clear that it did not question the conduct of counsel.

We conclude that it was error to strike the testimony of the witness. The testimony should have been allowed to remain and its credibility viewed in light of the circumstances mentioned. Two factors, however, render the error harmless. In the first place, two other witnesses, the child's mother and appellant herself, testified to substantially the same events related in the child's stricken testimony. In the second place, the trial was not before a jury and the effect of the court's action was to hold that the child's testimony, because of the circumstances, was not credible, and this was within the province of the court sitting as trier of the facts.

Appellant also complains that the trial court made no adjudication of property rights between the parties. Under D.C. Code 1961, § 16–910 (Supp. V, 1966), the court has the power on entering a decree of annulment to equitably apportion the property held by the parties in joint tenancy or tenancy by the entirety;[4] but here it appears there was no jointly owned property and no property acquired by the parties' joint efforts, and thus no property properly subject to adjudication.

Appellant says the court should have passed upon her claim that the $10,000 paid to her under the separation agreement was inadequate and unfair. In view of the annulment of the marriage, there was no occasion for the court to consider this claim.

Complaint is also made that certain remarks of the Court, made in connection with the child's testimony, had the effect of denying appellant effective assistance of counsel. These remarks made reference to "the United States Attorney", the "D. C. Jail", "danger of prosecution under 18 U.S.C. 1503", "the Committee on Admissions and Grievances", and "the Department of Justice". Perhaps these references were unnecessarily made, but in view of the Court's statement at the close of the case that it had "no problem with the conduct of the counsel" and that "the counsel had been both diligent and honorable with respect to their clients," we find no prejudicial error.

Affirmed.

2.  Walter v. Echanis, 163 Or. 148, 95 P. 2d 979 (1939); O'Brien v. Wahl, 335 Mich. 601, 56 N.W.2d 279 (1953).

3.  United States v. Schaefer, 299 F.2d 625 (7th Cir. 1962), cert. denied, 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497.

4.  See Nelson v. Nelson, 84 U.S.App.D.C. 167, 171 F.2d 1021 (1948).