was negligent in the performance of the work for which the defendants had contracted.

It is not necessary to state the facts more specifically, as the judgment must be reversed for an error in the charge. The court had fully and properly instructed the jury in the principal charge, and also in answer to requests of the defendants, upon the question of the care which the defendants were bound to use; but just at the close of the case the plaintiff's counsel, not content with the correct statement of the measure of the defendants' liability, requested the court to charge "that if Porter is found to be a servant of defendants, and did not use such care as was commensurate with the danger which might result from his act in dealing with electricity, then plaintiff should recover." The court so charged, and the defendants' counsel excepted. It is manifest that the instruction imposed too strict a liability on the defendants. The care which the servant was bound to exercise was not necessarily commensurate with the actual danger, as that would make the defendants' liability consequent upon the accident. He was bound to exercise only that degree of care which a person of reasonable care and prudence would have exercised under the conditions which, with such care, he saw or ought to have seen. Obedience to the charge compelled the jury to find that if there was danger, even though it was unknown to Porter, or by the use of reasonable caution and prudence could not have been known by him, the defendants were still liable for any accident which resulted. This error requires a reversal of the judgment.

Judgment and order reversed, and new trial granted, costs to abide the event.

<hr>

(32 Misc. Rep. 736.)

WESTERN UNION SEWING–MACH. CO. v. SACHS et al.

(Supreme Court, Appellate Term.   November 9, 1900.)

REPLEVIN—CONDITIONAL SALE—DEFAULT—MODIFICATION—BURDEN OF PROOF.
        Plaintiff brought replevin for goods sold to defendant under a conditional contract, alleging default in the payments, the whole agreement not being in writing. Payments had been made on an unexplained account, which, if on account of purchase price, would indicate a modification of such agreement, and place defendant in default. *Held*, that the burden of proof was on plaintiff, and hence, in the absence of a showing wherein there was a modification, he could not recover.

Appeal from municipal court, borough of Manhattan.

Action by the Western Union Sewing-Machine Company against Annie Sachs and another to recover certain goods. From a judgment in favor of the defendants, plaintiff appeals. Affirmed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

C. B. Plante, for appellant.

A. Oberstein, for respondents.

PER CURIAM.   The burden of proof was upon the plaintiff, and was not sustained.   It appears that the whole agreement between

the parties was not evidenced by the writing. There was a payment of $2 and one of $10 on an unexplained account. If it was an account of rental, as indicated on Exhibit 6, there was no default shown. If it was on account of purchase price, there must have been a modification of the agreement suggested by Exhibit 6, and, as it does not appear in what respect there was a modification, it cannot be said that the plaintiff was entitled to the property. In addition, it may be said that there was no evidence of a refusal to deliver.

Judgment affirmed, with costs.