34 N.J. Super. 261 (1954)
112 A.2d 1
MARY LOUISE BROWN, PLAINTIFF,
v.
ROBERT BROWN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 28, 1954.
*263 Mr. Thomas E. Fitzgerald, attorney for plaintiff.
No appearance for defendant.
CONFORD, J.S.C.
This is an action for annulment of the marriage of the parties. Plaintiff asserts that she was induced to enter into the marriage by fraudulent representations and concealments by the defendant prior to the wedding ceremony. In substance, she maintains that the defendant fraudulently misrepresented to her that he would adopt her infant child, born several months prior to the marriage out of wedlock by another man, and that he intended to procreate children by her and establish and support a home for herself, her child and such children as might be the offspring of the parties. She also contends that defendant had a prior criminal record, being on probation at the time of the marriage, and that he failed to disclose this fact to her, leaving her under the impression that he was of good character. It is her position that these misrepresentations and concealments, either individually or collectively, are tantamount to such fraud as goes to the essentials of the marriage relationship and therefore warrant the invocation of the inherent jurisdiction of Equity to annul the matrimonial status.
Plaintiff's testimony is to the effect that the parties lived together only a few weeks after the marriage, and that the defendant thereafter deserted the plaintiff; and that in the interim the parties had normal marital relations for one week except that defendant insisted upon the use of contraceptives, the reason allegedly assigned by him being that he did not intend to have any children by the plaintiff. He also *264 refused to undertake steps to adopt plaintiff's child, saying he wished to have nothing to do with it.
There is nothing in the testimony upon which any conclusion based upon settled conviction could be drawn that defendant, prior to the marriage, entertained a fixed intention, concealed from the plaintiff, not to maintain a home, have children by the plaintiff, or to adopt her child, unless inferences thereof may be drawn from his nonperformance of the alleged promises.
If the court were free to entertain a very liberal construction of the testimony of plaintiff's mother, a factual inference might be made respecting the claim as to adoption. She said she heard plaintiff reproach defendant for his failure to adopt the child in accordance with his premarital undertaking, and that his response was, in effect, that what he promised before the marriage was one thing, but what he was going to do was another. There is no other corroboration of the plaintiff's contentions concerning defendant's antenuptial state of mind as to the other particulars of fraud charged.
I am not satisfied that these proofs have the convincing character which is required by the cases to establish a cause of action of this character. Such proof is required to be "clear and convincing." Pisciotta v. Buccino, 22 N.J. Super. 114, 117 (App. Div. 1952). The vital concern which the State has in maintaining the marriage relationship precludes the granting of relief where the proofs do not attain the probative force thus indicated. (Id., 22 N.J. Super., at pages 116, 117).
Defendant's insistence upon obviating conception of children during the first weeks of the marriage, in the entire factual situation presented, is as consistent with a budding intent to have done entirely with the marriage, engendered in his mind shortly after contracting it, as with premarital fraud, if not more so. As indicated, he repudiated the entire marital undertaking within a matter of weeks. Or, as is often the case, he may have at the moment of marriage intended only temporary postponement of having children. *265 There is nothing presented which would fairly lead to a firm conclusion that his intentions at the time he married the plaintiff were as is now contended by her.
Since this union was consummated, there becomes applicable the distinction laid down in our cases on annulment between marriages which are consummated and those which are not. In the former situation, the interest of the State in the stability of marriage requires that the alleged fraud must be shown "to go to the very essence of the marriage relation." Lindquist v. Lindquist, 130 N.J. Eq. 11, 17 (E. & A. 1941); Rhoades v. Rhoades, 10 N.J. Super. 432, 438 (App. Div. 1950). And see Akrep v. Akrep, 1 N.J. 268, 270 (1947). Only where a marriage is not consummated will it be annulled merely on such grounds of fraud as suffice for equitable rescission of an ordinary contract. Akrep v. Akrep, supra.
Plaintiff cites no authority, and the independent research of the court discloses none, which would support the view that the adoption by a husband of a child of his wife engendered by another man goes to the "very essence of the marriage relation."
While plaintiff had every reasonable and natural cause to hope and expect that defendant would adopt the child, of whose existence he knew, and while his promise to do so, if he made it, could very well have been the inducing cause for her entry into the marriage, it cannot be concluded on principle that his performance in that regard went to the fundamentals of the marriage. It is not uncommon in normal marital relationships to find children of a prior marriage of one spouse not adopted by the other.
The concealment of defendant's criminal record does not go to the essentials. In Lindquist v. Lindquist, supra, it is said, as to consummated marriages, that "no misconception as to the character, fortune, health or temper, however brought about, will support an allegation of fraud on which a dissolution of the marriage contract * * * can be obtained in a court of justice. These are accidental qualities, *266 which do not constitute the essential and material elements on which the marriage relation rests." (130 N.J. Eq., at p. 19). In accord (previous criminality): Heath v. Heath, 85 N.H. 419, 159 A. 418 (Sup. Ct. 1932); Trefry v. Trefry, 189 Misc. 1013, 76 N.Y.S.2d 323 (Sup. Ct. 1947); but see, as to the situation where the marriage is not consummated, Cox v. Cox, 110 A. 924, 925 (Ch. 1909).
The complaint will be ordered dismissed.