98 N.J. Super. 1 (1967)
235 A.2d 902
CAROLEE ELLA WILLIAMS, FALSELY CALLED CAROLEE ELLA WITT, PLAINTIFF-APPELLANT,
v.
RONALD DAVID WITT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1967.
Decided November 17, 1967.
*2 Before Judges KILKENNY, CARTON and MEHLER.
*3 Mr. Daniel E. Isles for appellant (Messrs. Querques & Isles, attorneys).
No appearance for respondent.
The opinion of the court was delivered by MEHLER, J.S.C.
This appeal is from the dismissal, in an uncontested case, of a complaint seeking to nullify a marriage. Plaintiff charged defendant with fraud as to an essential of the marriage contract, namely, that he possessed a preconceived uncommunicated determination at the time of the marriage never to have children. The court below dismissed the complaint on the ground that plaintiff was the moving party in contraceptive activities from the inception of the marriage and had come into court with unclean hands. We find it unnecessary to decide these questions of estoppel and unclean hands, since we have concluded, upon a review of the testimony, that the proofs did not establish a cause of action.
It is well settled that an annulment may be granted where one of the parties prior to the marriage forms a fixed determination never to have children and does not communicate that intention to his intended spouse. Pisciotta v. Buccino, 22 N.J. Super. 114 (App. Div. 1952); Bolmer v. Edsall, 90 N.J. Eq. 299 (Ch. 1919); Bohok v. Bohok, 186 Misc. 991, 63 N.Y.S.2d 560 (Sup. Ct. 1946); Thurber v. Thurber, 186 Misc. 1022, 63 N.Y.S.2d 401 (Sup. Ct. 1946). The annulment, in such a case, is granted on the theory that since procreation is considered to be an essential element of the marriage, there exists an implied promise at the time of the marriage to raise a family. An undisclosed contrary intention, therefore, constitutes a fraud going to an essential of the marriage. Turney v. Avery, 92 N.J.E. 473 (Ch. 1921); Steerman v. Snow, 94 N.J. Eq. 9 (Ch. 1922); Bolmer v. Edsall, supra; 12 N.J. Practice Series (3d Ed. 1963), § 1513. The intention never to have children must antedate the marriage, for it is the implied promise to have children, coupled with the intent not to *4 fulfill it, that constitutes the fraud. See Annotation, 4 A.L.R.2d 227 (1949).
Since defendant's premarital uncommunicated intention not to have children constitutes the essential element of plaintiff's cause of action, it was incumbent on her to prove her charge by clear and convincing evidence. This is the rule in annulment cases. Smith v. Hrzich, 1 N.J. 1 (1948); Godfrey v. Shatwell, 38 N.J. Super. 501 (Ch. Div. 1955); Heller v. Heller, 116 N.J. Eq. 543 (E. & A. 1934). Fraud as a fact is never presumed, but must clearly and convincingly be proved. Gerard v. Distefano, 84 N.J. Super. 396 (Ch. Div. 1964). Minter v. Bendix Aviation Corp., 26 N.J. Super. 268 (App. Div. 1953). Where nothing is said between persons prior to their marriage, it is presumed that they intend to have children. Pisciotta v. Buccino, supra, at pp. 117-118.
The trial record is barren of any convincing evidence tending to prove a premarital undisclosed intention on the part of defendant never to have children. The parties were married on October 8, 1966, after a courtship of about five months. During that period of time they never talked about the raising of a family. About one month prior to the marriage plaintiff consulted her family physician to discuss the physical aspects of the pending marriage, at which time birth control pills were prescribed. Plaintiff testified that defendant was aware that she had seen a doctor prior to the marriage, but whether he knew for what purpose is not clear; that on the honeymoon night defendant asked whether she had been taking birth control pills and received an affirmative answer; that almost daily after the marriage defendant either saw her take a birth control pill or made later inquiry to be sure that she had done so, and that he would not engage in sexual intercourse without her having taken a birth control pill. Plaintiff's mother, with whom the parties resided for about two months following the marriage, said that plaintiff would generally take a birth control pill at breakfast, and on those occasions when she did not, defendant would ask if she was sure she had taken them.
*5 In support of her claim of fraud, plaintiff relied on the foregoing evidence and on remarks or responses made by defendant on three occasions. The first occurred about three weeks before the parties moved out of the home of plaintiff's mother to set up housekeeping in their own apartment. The latter testified that there was some conversation at the dinner table concerning the fact that plaintiff and defendant "were going to have it a little bit rough for awhile until they got settled in their apartment and got used to taking care of a home." To this defendant responded that "they would just make sure that there would be no children." The second occurred on Thanksgiving Day, when the parties were visiting an unmarried couple. During the course of conversation one of them teasingly asked defendant when he and plaintiff were going to start raising children. Defendant, annoyed by the question, responded that they were not. The third occurred a week before Christmas. The parties had moved into their apartment on December 12, 1966, and on the 18th, accompanied by the same couple, went to purchase a Christmas tree. After shopping they all went to a tavern, where an argument ensued between plaintiff and defendant. As a result defendant left and went home. After vainly waiting for him for about an hour plaintiff also went home. Upon entering her apartment she found defendant asleep in the bedroom, whereupon she awakened and then scolded him because of his conduct. During the ensuing argument plaintiff asked defendant what he had given her, and said that he would not even give her children. To this defendant responded, "I don't intend to have children. I don't want children. I will never give you children."
The testimony shows at best only a present intention not to have children, and it is not even certain that the intention expressed was a permanent one. For aught that appears, this intention was formed subsequent to the marriage. The evidence relating to the pill and birth control does not indicate a fixed intention prior to marriage never to have children. Plaintiff herself, who wanted children, practiced birth control from the inception of the marriage and testified *6 that she wanted to become pregnant only after she had her own apartment and defendant found employment in New Jersey.
Nor do defendant's statements support the claim of fraud. His first statement that there would be no children arose in the course of a conversation concerning the difficulties that would be encountered until the parties became settled in their own apartment. The Thanksgiving Day statement was in response to what defendant obviously considered to be an impertinent question, and indicates an intention not to begin having children then. The December 18 statement, in the stated setting, appears to have been said only out of pique. Even if defendant meant what he said, he did not thereby give evidence of a past intention.
There is no testimony here that defendant harbored an intention prior to the marriage never to have children. The subsequent failure of a spouse to fulfill prenuptial promises, express or implied, does not establish that he had no intention of performing his marital obligations at the time the marriage was performed. Maslow v. Maslow, 117 Cal. App. 237, 255 P.2d 65 (Ct. App. 1953); also see Attar v. Attar, 15 Misc.2d 792, 181 N.Y.S.2d 265 (Sup. Ct. 1958). An annulment cannot be granted unless the conscience of the trier of fact is satisfied from the primary testimony and the corroboration that there was in fact a premarital fraudulent intent not to have children. Roger v. Roger, 24 Misc.2d 566, 203 N.Y.S.2d 576 (Sup. Ct. 1960); Bentz v. Bentz, 188 Misc. 86, 67 N.Y.S.2d 345 (Sup. Ct. 1947).
In Brown v. Brown, 34 N.J. Super. 261 (Ch. Div. 1954), plaintiff instituted an action to annul her marriage upon the same grounds as are asserted in this case. The testimony indicated that defendant had refused to engage in sexual intercourse with plaintiff without the use of contraceptives and that subsequent to the marriage he had stated he never intended to have children. The court nevertheless denied the annulment, stating:
*7 "There is nothing in the testimony upon which any conclusion based upon settled conviction could be drawn that defendant, prior to the marriage, entertained a fixed intention, concealed from the plaintiff, not to maintain a home, have children by the plaintiff, or to adopt her child, unless inferences thereof may be drawn from his non-performance of the alleged promises.

* * * * * * * *
I am not satisfied that these proofs have the convincing character which is required by the cases to establish a cause of action of this character. The vital concern which the State has in maintaining the marriage relationship precludes the granting of relief where the proofs do not attain the probative force thus indicated." (at p. 264)
Since the trial judge did not express in his opinion the foregoing findings and conclusions, we have exercised our original jurisdiction pursuant to R.R. 1:5-4 and have concluded, on the basis of our findings, that plaintiff has not established a cause of action. The judgment below is accordingly affirmed.