213 N.J. Super. 472 (1986)
517 A.2d 885
MELIDA TOBON, FALSELY KNOWN AS ELIDA SANCHEZ, PLAINTIFF,
v.
GUILLERMO SANCHEZ, DEFENDANT.
Superior Court of New Jersey, Chancery Division Union County, Family Part.
Decided March 11, 1986.
*473 Joseph Taboada for plaintiff.
Defendant defaulted.
WECKER, J.S.C.
The plaintiff's complaint for annulment of this marriage is dismissed. Plaintiff has failed to prove, by clear and convincing evidence, that there was "fraud as to the essentials of the marriage." N.J.S.A. 2A:34-1d. See Bilowit v. Dolitsky, 124 N.J. Super. 101, 105 (Ch.Div. 1973) ("the fraud alleged must be proved by clear and convincing evidence...."). Nor do I find that there is any other basis "under the general equity jurisdiction of the Superior Court" for granting the annulment. See N.J.S.A. 2A:34-1f.
Plaintiff's one-count complaint was never answered and default was entered against defendant. Plaintiff and her attorney appeared on the date scheduled for trial. Based upon the plaintiff's credible and uncontroverted testimony, I find the following facts:
1. Prior to the marriage, plaintiff and defendant discussed having children.
*474 2. Defendant never told plaintiff, prior to the marriage, that he had two out-of-wedlock children.
3. The marriage was consummated.
4. After the marriage, defendant told plaintiff about his two children, and informed her that he did not want any more children.
5. Defendant further told plaintiff that she would have to have an abortion if she became pregnant.
It is true that premarital, fraudulent intent not to have a child is grounds for annulment of a marriage. Williams v. Witt 98 N.J. Super. 1 (App.Div. 1967). However, the evidence here does not establish clearly and convincingly that the defendant's intention not to father children with plaintiff was fixed prior to the marriage. See Pisciotta v. Buccino, 22 N.J. Super. 114 (App.Div. 1952) for a very similar case. There is at least one equally likely inference from the evidence presented. That is that the defendant did not formulate a firm decision against having additional children until after the marriage. In Brown v. Brown, 34 N.J. Super. 261 (Ch.Div. 1954), on the facts, the availability of several different inferences precluded plaintiff from establishing her right to an annulment by clear and convincing evidence.
This court, on its own, has considered and rejects another argument. That is whether defendant's failure (before the marriage) to disclose the existence of the two out-of-wedlock children, itself warrants an annulment. Concealment, as well as misrepresentation, can be "fraud as to the essentials of the marriage." See Costello v. Porzelt, 116 N.J. Super. 380 (Ch.Div. 1971) (concealment of heroin addiction warrants annulment). But the concealment of two children, though hardly an admirable act, did not go to the "essentials" of this marriage. In fact, plaintiff made no complaint directly related to those children. Her testimony was offered only to explain defendant's motivation and to substantiate that defendant did not tell *475 plaintiff until after the marriage that he wanted no additional children.
The heart of plaintiff's grievance is that defendant would not have children. She did not offer any reason why the existence of defendant's two children, without more, would negate any basic element of their marriage contract. Perhaps if defendant's children were to live with, or be cared for or supported by the plaintiff, that would go to an essential element of the marriage.
But that is not this case, nor does this court decide that question. The Court is unwilling to hold that the failure to disclose the existence of out-of-wedlock children born prior to the marriage would, on its own and without more, be grounds for annulment. Such a rule would likely make a substantial number of marriages voidable. For example, a mother who secretly gave up a child for adoption or a father who concealed a child left behind in wartime in a foreign country would each find a subsequent marriage voidable through annulment if this were the rule.
By this decision, the court does not approve such premarital secrets and post-marital surprises. But the remedy for plaintiff is clearly through the divorce statute, and not through annulment.