249 N.J. Super. 318 (1991)
592 A.2d 328
V.J.S.
v.
M.J.B.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
April 30, 1991.
*319 Marc Alan Chase for plaintiff.
No appearance for defendant.
KRAFTE, J.S.C.
It is axiomatic that, given proper proof, a party will be entitled to an annulment when the spouse refuses to have children. This court now finds that the converse is also true, i.e., given proper proof, a party will be entitled to an annulment when the spouse insists on having children, contrary to the express agreement of the parties prior to marriage that they would not have children.
On the representation of defendant that he was in agreement with plaintiff's wish not to have children, plaintiff married him on September 23, 1989. Subsequent to the parties' wedding ceremony and despite their agreement, defendant refused to engage in sexual intercourse utilizing any form of contraception. Defendant misrepresented his agreement not to have children and intended that plaintiff rely on same, which in fact she did when she exchanged vows with defendant. This is a suit for annulment of a marriage on the ground that defendant committed a fraud as to an essential of the marriage contract, whereby he possessed a preconceived, uncommunicated determination at the time of the marriage to have children in the face of an express agreement with plaintiff not to have children. Defendant entered an appearance and thereafter failed to appear at the hearing where proofs were taken ex parte on April 9, 1991.
*320 There is inherent jurisdiction in a court of equity to annul fraudulent contracts, including a contract of marriage. Costello v. Porzelt, 116 N.J. Super. 380, 383, 282 A.2d 432 (Ch.Div. 1971); Lindquist v. Lindquist, 130 N.J. Eq. 11, 20 A.2d 325 (E. & A. 1941); T. v. M., 100 N.J. Super. 530, 242 A.2d 670 (Ch.Div. 1968). Where the marriage has been consummated, the fraud of defendant will entitle plaintiff to an annulment only when the fraud is of an extreme nature, going to one of the essentials of marriage. Akrep v. Akrep, 1 N.J. 268, 63 A.2d 253 (1949); Bilowit v. Dolitsky, 124 N.J. Super. 101, 304 A.2d 774 (Ch.Div. 1973); Costello v. Porzelt, 116 N.J. Super. 380, 282 A.2d 432 (Ch.Div. 1971); Posciotta v. Buccino, 22 N.J. Super. 114, 91 A.2d 629 (App.Div. 1952). Under the annulment statute, a judgment may be granted where there was a "fraud as to the essentials of marriage." N.J.S.A. 2A:34-1(d).
In Ysern v. Horter, 91 N.J. Eq. 189, 110 A. 31 (Ch. 1920), the court addressed the nature and quantum of fraud which would justify annulment of a consummated marriage in the following excerpt:
What is fraud in respect to the "essentials" of marriage, or, to use the broader term, what is "sufficient fraud," I think remains today the subject of ascertainment in every case brought before this court in which the complaining spouse alleges that his or her consent to a marriage was induced by the defendant's fraud. [at 198, 110 A. 31]
What is essential to the relationship of the parties in one marriage may be of considerably less significance in another. Therefore, a determination of whether a fraud goes to the essentials of the marriage must be decided on a case-by-case basis.
Here plaintiff testified that she did not want to have children. Her conviction was communicated to defendant and he, representing that he was in agreement with her wish to not have children, agreed prior to the marriage not to have children and to only have sexual intercourse with the use of contraception. After the consummation of marriage and despite the parties' agreement, defendant expressed a desire to have children *321 and refused to engage in sexual intercourse utilizing any form of contraception. Plaintiff had and maintains no desire to have children, a fact made clearly known to defendant prior to the marriage.
In Williams v. Witt, 98 N.J. Super. 1, 235 A.2d 902 (App.Div. 1967), the court held that an annulment may be granted where one of the parties prior to the marriage forms a fixed determination never to have children and does not communicate that intention to his intended spouse. The court explained that an annulment in such a case is granted on the theory that since procreation is considered to be an essential element of the marriage, there exists an implied promise at the time of the marriage to raise a family. An undisclosed contrary intention, therefore, constitutes a fraud going to an essential of the marriage. Id. at 3, 235 A.2d 902. The intention never to have children must antedate the marriage, for it is the implied promise to have children, coupled with the intent not to fulfill it, that constitutes the fraud. Ibid.
The facts presented to this court are the antithesis of the facts in Williams v. Witt, supra. This court finds that there was an express agreement between the parties prior to the marriage not to have children. After the wedding ceremony, defendant, in direct contradiction of the agreement, expressed his desire to have children. Since defendant's premarital uncommunicated intention to have children constitutes the essential element of plaintiff's cause of action, it was incumbent on her to prove her charge of fraud by clear and convincing evidence. Id. at 4, 235 A.2d 902.
Defendant interposed no defense at the trial. After evaluating the uncontroverted proofs and the credibility of plaintiff's testimony, this court is satisfied that plaintiff clearly and convincingly proved that there was, in fact, a premarital fraudulent intent on the part of defendant to have children in direct opposition to the express agreement between the parties prior to the marriage not to have children. In Carris v. Carris, 24 *322 N.J. Eq. 516 (E. & A. 1873), the court held that the wife's concealment of her pregnancy by another man at the time of her marriage was an extraordinary fraud which went to the "essentials" of the marriage. The court explained that the fraud in that case was so gross and far reaching as to avoid consent, and for that reason the marriage must be declared null and void, ab initio. Id. at 526. Following the reasoning set forth in Carris, supra, this court finds that defendant's premarital uncommunicated intent to have children precluded plaintiff from consenting to the marriage upon the express terms agreed upon between the parties. If defendant's true intention to have children was made known to plaintiff, she would not have married defendant. Where plaintiff in entering the marriage relied on the express intention of defendant not to have children, it would be patently unfair and contrary to all notions of justice for this court to recognize a marriage between the parties where defendant's fraud induced plaintiff to consent.
The granting of an annulment on the ground that defendant possessed a premarital uncommunicated intent to have children in contradiction to an expressed antenuptial agreement not to have children is not against public policy. Public policy encourages full disclosure of pertinent facts especially in contemplation of entering a bond as significant as marriage. Here plaintiff relied on defendant's expressed agreement not to have children. By declaring this marriage null and void, ab initio, this court is acting in full compliance with public policy. Public policy dictates against the use of fraud to encourage a party to enter into a marriage.
This court concludes that the concealment prior to the marriage of an intent to have children contrary to an expressed antenuptial agreement not to have children is a fraud which goes to the essentials of the marriage, and the alleged marriage between the parties is hereby declared null and void.